UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| ANDY GEORGE | CIVIL ACTION NO. 12-546-P |
| VERSUS | JUDGE FOOTE |
| WARDEN | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

### STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Andy George ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on February 24, 2012. Petitioner is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He challenges his state court habitual offender sentence. He names the Warden of the Louisiana State Penitentiary as respondent.

Petitioner was ordered on January 14, 2013 to file, within 30 days of the service of the order, documentary proof that he exhausted his available state court remedies and a response demonstrating his petition is timely. To date, Petitioner has not responded to the memorandum order.

Accordingly;

**IT IS RECOMMENDED** that this petition be **DISMISSED WITHOUT**

**PREJUDICE**, sua sponte, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the court and under the court's inherent power to control its own docket. See Link v. Wabash Railroad Company, 370 U.S. 626, 82 S.Ct. 1386 (1962); Rogers v. Kroger Company, 669 F.2d 317, 320-321 (5th Cir. 1983).

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the

Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

    **THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this 2nd day of April 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE